IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANN L. BAILEY,** | : | Civil No. 1:19-CV-1458 |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **KEVIN KAUFFMAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

I.   **Statement of Facts and of The Case**

This case, which comes before us for consideration of a motion for reconsideration of an order denying the plaintiff's request for preliminary injunction, (Doc. 61), is a *pro se* prisoner lawsuit brought by a state inmate against various correctional officials. In this lawsuit the plaintiff, Van Bailey, challenges disciplinary sanctions that were imposed upon him following his receipt of a Valentine's card which allegedly tested positive for drugs. Bailey had previously filed a motion for preliminary injunction which, *inter alia*, sought to have the Valentine's card retested. That motion was denied by the court on August 2, 2021, (Doc. 56), in an exhaustively thorough opinion. Moreover, at the time that the court denied this motion, the court and all parties had been informed by the defendants that the card itself had been destroyed and no longer exists.

It is against this backdrop that Bailey has filed a motion relating to spoliation of evidence, (Doc. 64), and a motion to reconsider the denial of this preliminary injunction. (Doc. 61). We will separately address Bailey's motion for spoliation and the defendants' request to stay consideration of that motion. (Doc. 67). However, for the reasons set forth below, we will deny the request to reconsider the prior order denying Bailey's motion for preliminary injunction.

## II. Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki,

2

> 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

3

In the instant case, we find that Bailey has not presently met the exacting burden which would justify a motion to reconsider. At the outset, Bailey does not identify any intervening change in the law since August of 2021 when the court first denied his motion for preliminary injunction. Moreover, while the plaintiff expresses the view that the evidence continues to strongly favor his position in this case, he cites to no specific and new evidence beyond the alleged spoliation of evidence through the destruction of the Valentine's card, to support this claim. Moreover, to the extent that the card has been destroyed, that fact was known by all in July of 2021, prior to the court's August 2021 decision denying Bailey's motion for preliminary injunction. Therefore, this evidence cannot be characterized as newly discovered since the time court ruled upon this motion for preliminary injunction. Furthermore, given the destruction of the card, any request for an injunction directing that the card be retested is now moot.

In consideration of these facts, Bailey's motion to reconsider will be denied without prejudice to further consideration of these questions, if necessary, in the context of Bailey's motion for spoliation sanctions.

An appropriate order follows.

Submitted this 3d day of November 2021.

                                /s/ *Martin C. Carlson*
                                Martin C. Carlson
                                United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANN L. BAILEY,** | : | **Civil No. 1:19-CV-1458** |
| **Plaintiff** | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| **KEVIN KAUFFMAN, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 3d day of November 2021, for the reasons set forth in the accompanying Memorandum, the plaintiff's motion for reconsideration (Doc. 61) is DENIED without prejudice to further consideration of these questions, if necessary, in the context of Bailey's motion for spoliation sanctions.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge