### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANN L. BAILEY,** | : | **Civil No. 1:19-CV-1458** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **KEVIN KAUFFMAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM ORDER</u>

### I.      <u>Factual Background</u>

This case is a *pro se* prisoner lawsuit brought by a state inmate against various correctional officials. In this lawsuit, the plaintiff, Van Bailey, challenges disciplinary sanctions that were imposed upon him following his receipt of a Valentine's Day card which allegedly tested positive for drugs.

There are several motions pending in this case. These motions include a motion to dismiss filed by the defendants, (Doc. 53), a motion for spoliation sanctions filed by the plaintiff, (Doc. 64), and a motion filed by the defendants seeking to stay consideration of any spoliation issues pending resolution of the motion to dismiss. (Doc. 67).[1] Upon consideration of these matters, given the

---

[1] There are also pending motions filed by the plaintiff seeking an extension of time in which to file a reply brief in support of the plaintiff's spoliation sanctions

pending and potentially dispositive motion filed in this case, for the reasons set forth below we will STAY further consideration of discovery and spoliation issues pending resolution of the motion to dismiss.

## II.   **Discussion**

Several basic guiding principles inform our resolution of the instant spoliation and discovery issues. At the outset, rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that issues relating to the timing and scope of discovery permitted under Rule 26 rest in the sound discretion of the Court.   Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Accordingly, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion.   Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate

motion and seeking reconsideration of prior rulings made in this case. (Docs. 61 and 71.) We will address these motions through separate orders.

judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of orders regulating the timing of discovery. Indeed, it is undisputed that, "'[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.'" Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)).

This discretion is guided, however, by certain basic principles. One of these cardinal principles governing the exercise of discretion in this field is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205

F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: parties who file motions that may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery for themselves and others until after these claimed legal defenses are addressed by the court.

In such instances, it is clearly established that:

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

In this case, there is a pending, and potentially dispositive motion before the court. Given this pending motion, in the exercise of our discretion, we will briefly stay discovery, and litigation of any spoliation sanctions issues, pending resolution of the motion to dismiss that has been filed in this case.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

VANN L. BAILEY,      **:**  **Civil No. 1:19-CV-1458**
           **:**
  **Plaintiff**      **:**
           **:**
**v.**           **:**  **(Magistrate Judge Carlson)**
           **:**
**KEVIN KAUFFMAN, et al.,**   **:**
           **:**
  **Defendants**     **:**

## <u>ORDER</u>

AND NOW, this 3rd day of November 2021, in accordance with the accompanying Memorandum and given the pending and potentially dispositive motion filed in this case, IT IS ORDERED that the defendants' motion to stay (Doc. 67) IS GRANTED and we will STAY further discovery pending resolution of the motion to dismiss that is filed in this case.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
